# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State ex rel. William S.,**
**Petitioner Below, Petitioner**

**FILED**

**January 14, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

vs) **No. 11-1640** (Mercer County 11-C-236)

**David Ballard, Warden, Mount Olive**
**Correctional Complex, Respondent Below,**
**Respondent**

## MEMORANDUM DECISION

Petitioner S.'s[1] appeal, filed by counsel Paul Cassell, arises from the Circuit Court of Mercer County, wherein petitioner's second petition seeking a writ of habeas corpus was denied by order entered on November 16, 2011. Respondent Warden Ballard, by counsel Scott Johnson, filed a response in support of the circuit court's decision.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Revised Rules of Appellate Procedure.

In 2003, petitioner was found guilty of thirty-two counts of first degree sexual abuse and sixteen counts of sexual abuse by a custodian. The trial court subsequently ordered petitioner to serve consecutive sentences of one to five years in prison for each of the first degree sexual abuse convictions and ten to twenty years in prison for each of the sexual abuse by a custodian convictions for a total of fifty-two to two hundred years in prison. This Court refused petitioner's direct appeal of these convictions. Subsequently, petitioner filed his first petition for writ of habeas corpus, which the circuit court denied following an omnibus hearing. We refused the petition for appeal of that denial of habeas relief. In 2011, the circuit court held an evidentiary omnibus hearing on petitioner's second petition for writ of habeas corpus in which he challenged, inter alia, the effectiveness of his first habeas counsel. Following this hearing, the circuit court denied petitioner's second petition for writ of habeas corpus. It is from this ruling that petitioner now appeals.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

---

[1] Because the victim in the underlying case was a minor, we follow our traditional practice in cases involving sensitive facts and use only petitioner's last initial. *See State v. Edward Charles L.*, 183 W.Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

1

"In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

We also bear in mind the following:

A prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; newly discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively.

Syl. Pt. 4, *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981). Moreover, with regard to reviewing claims concerning ineffective assistance of counsel, we reiterate the following standard:

In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

On appeal, petitioner raises two assignments of error in which he argues that he was denied effective assistance of habeas counsel on his first habeas petition. In particular, petitioner argues that his first habeas counsel failed to educate him about the *Losh* checklist and failed to subpoena petitioner's trial counsel to the omnibus evidentiary hearing. In response, Warden Ballard argues that petitioner has failed to show how his first habeas counsel acted deficiently and how, but for the alleged deficiencies, the outcome of his proceedings would have been different. Respondent Warden Ballard further argues that this Court has stated that there is a strong presumption that counsel's performance is adequate and reasonable and, therefore, a petitioner seeking to prove ineffective assistance of counsel has a difficult burden. *State v. Miller*, 194 W.Va. 3, 16, 459 S.E.2d 114, 127 (1995). More importance is placed on adequate adversarial process, not on grading counsel's performance. *Id.*

Our review of the record uncovers no error by the circuit court in denying habeas corpus relief to petitioner based on his arguments on appeal. Petitioner's contentions concerning ineffective habeas counsel on his first petition were raised in his second petition before the

2

circuit court and discussed at the omnibus evidentiary hearing. Having reviewed the circuit court's "Order Denying Petitioner's *Petition for Writ of Habeas Corpus*" entered on November 16, 2011, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the assignments of error raised in this appeal. The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision.[2]

For the foregoing reasons, we affirm the circuit court's decision denying habeas corpus relief.

Affirmed.

**ISSUED:  January 14, 2013**

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[2] Consistent with our explanation in the first footnote of this memorandum decision, the parties' names in the circuit court order have been redacted to leave only their initials.

**COPY**

11-1640

NOTED CIVIL DOCKET
NOV 16 2011
JULIE BALL
CLERK CIRCUIT COURT
MERCER COUNTY

IN THE CIRCUIT COURT OF MERCER COUNTY, WEST VIRGINIA

STATE OF WEST VIRGINIA, *ex rel.*
WILLIAM E. S'        ,

V.                                    CIVIL ACTION NO.: 11-C-236-OA

DAVID BALLARD, Warden
Mount Olive Correctional Complex.

---

## ORDER DENYING PETITIONER'S
## *PETITION FOR A WRIT OF HABEAS CORPUS*

---

On the 8th day of November, 2011, the Court conducted an omnibus hearing of the above-captioned matter for purposes of rendering a decision on the Petitioner's pending *Petition for a Writ of Habeas Corpus Ad Subjiciendum* (filed on June 22, 2011).

In addition to considering the Court file and pertinent legal authorities, as part of the review process, the Court considered testimonies and arguments set forth during the final omnibus evidentiary hearing held in the matter. At said hearing, the Petitioner, William E. S·      appeared in person and by counsel, Natalie Hager, Esq. Kelli Harshbarger, Esq., Assistant Prosecuting Attorney, appeared as a representative of the Respondent.

**WHEREUPON**, after deliberations, the Court does hereby conclude that relief should be **DENIED**. In support of this conclusion, the Court issues the following **FINDINGS of FACT** and **CONCLUSIONS of LAW**:

### I. Findings of Fact

1. The Petitioner, William E. S      was indicted during the Mercer County Grand Jury February Term of 2002 for sixteen (16) counts of Sexual Assault – First Degree; sixteen (16) counts of Sexual Abuse – First Degree; and thirty-two (32) counts of Sexual Abuse by a Custodian.

1

2. The Petitioner's case was tried before a Mercer County Jury on March 18, 2003 through March 20, 2003. At the conclusion of the trial, the jury returned a verdict of guilty of thirty-two (32) counts of sexual abuse first degree and sixteen (16) counts of sexual abuse by a custodian.

3. The Petitioner was sentenced to indeterminate terms of one (1) to five (5) years for the Sexual Abuse convictions, plus indeterminate terms of ten (10) to twenty (20) year sentences for the sexual abuse by a custodian convictions, all to run consecutively, with a couple of sentences suspended, with nearly a year of jail credit.

4. An appeal was filed on the Petitioner's behalf on December 10, 2003.

5. The West Virginia Supreme Court of Appeals subsequently refused to hear the appeal.

6. On April 11, 2007, the Petitioner filed a *pro se* Petition for habeas corpus relief (Civil Action No. 07-C-228-DS). The Court subsequently appointed David Smith, Esq. to represent the Petitioner in his habeas proceeding. His original petition was supplemented and amended on September 5, 2008.

7. The first omnibus hearing took place on October 31, 2008.

8. In an Order entered on February 6, 2009, the Court denied the Petitioner's petition.

9. The Petitioner, by counsel, David Smith, Esq., then filed a *Petition for Appeal* of the February 6, 2009 *Order Denying Habeas Corpus Relief.*

10. The West Virginia Supreme Court of Appeals refused the *Petition for Appeal.*

11. The current action constitutes the Petitioner's second omnibus habeas corpus proceeding, and is premised on the ground of ineffective assistance of habeas corpus counsel in addition to the previously alleged and waived grounds in the first omnibus habeas corpus proceeding, ostensibly due to prior habeas counsel's ineffectiveness.

2

## II. Standards Governing Habeas Review

(1) *West Virginia Code,* § 53-4A-1 *et seq.* "clearly contemplates that a person who has been convicted of a crime is ordinarily entitled, as a matter of right, to only one post-conviction habeas corpus proceeding during which he must raise all grounds for relief which are known to him or which he could, with due diligence, discover." Syl. Pt. 1, *Gibson v. Dale,* 173 W.Va. 681, 319 S.E.2d 806 (1984).

(2) "A prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: (1) ineffective assistance of counsel at the omnibus habeas corpus hearing; (2) newly discovered evidence; (3) or, a change in the law, favorable to the applicant, which may be applied retroactively." Syl. Pt. 4, *Losh v. McKenzie,* 166 W.Va. 762, 277 S.E.2d 606 (1981).[1]

## Discussion

The Petitioner now files his second writ for habeas corpus – alleging ineffective assistance of habeas counsel on grounds that he unintelligently waived *Losh* check list grounds. Additionally, the Petitioner asserts that *res judicata* does not apply to his previously denied writ of habeas corpus because his habeas counsel was ineffective; accordingly, the Petitioner reasserts the same grounds as he did in his original writ of habeas corpus, as well as additional grounds previously waived.

---

[1] On June 16, 2006, the West Virginia Supreme Court of Appeals held that a fourth (4th) ground for habeas relief may exist in cases involving testimony regarding serology evidence. Summarizing, the Court held as follows:

A prisoner who was convicted between 1979 and 1999 and against whom a West Virginia State Police Crime Serologist, other than a serologist previously found to have engaged in intentional misconduct, offered evidence may bring a petition for a writ of habeas corpus based on the serology evidence even if the prisoner brought a prior habeas corpus challenge to the same serology evidence and the challenge was finally adjudicated.

*In re Renewed Investigation of State Police Crime Laboratory, Serology Div.,* 633 S.E.2d 762, 219 W.Va. 408 (2006).

3

The following is a comparison of the *Losh* checklist grounds alleged:

Original Petition

Trial court lacked jurisdiction
Defects in indictment
Improper venue
Constitutional errors in evidentiary rulings
Claims of prejudicial statement by trial judges[3]
Ineffective assistance of counsel
Sufficiency of evidence
Excessive sentence

Second Petition

Consecutive sentence for same transaction*[2]
suppression of helpful evidence by prosecutor*
ineffective assistance of counsel
double jeopardy*
excessiveness or denial of bail*
no preliminary hearing*
defects in indictment
refusal to subpoena witnesses*
Constitutional errors in evidentiary rulings
Claims of prejudicial statements by prosecutor*
Sufficiency of evidence
Excessive sentence
Mistaken advice of counsel as to parole or probation eligibility*

"A prior habeas corpus is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known." See Syl. Pt. 1, *Markley v. Coleman*, 215 W.Va. 729, 601 S.E.2d 49 (2004).

In the instant petition, the Court **FINDS** that the Petitioner has raised grounds which were raised in the prior proceeding or which with reasonable diligence could have been known and raised; therefore, the Court **CONCLUDES** that all claims, as now asserted, are *res judicata* for purposes of any subsequent hearing, with the exception of the sole ground of ineffective assistance of habeas counsel.

### III. Grounds Raised in Current Petition/Conclusions of Law

The only ground raised in this second *Petition* that was not previously adjudicated or waived is the ground of "ineffective assistance of habeas counsel." Pursuant to the aforementioned

---

[2] The claims marked by (*) indicate claims that were expressly waived in the Petitioner's original petition.

[3] This may have been in error, because the ground of claims of prejudicial statements by prosecutor was taken up during the original habeas proceeding and was directly appealed and objected to by trial counsel.

4

controlling case law, this Court will not review the re-alleged grounds in this second petition as same have been previously adjudicated and the Petitioner is not entitled, by law, to a second chance at habeas relief unless one or more of the four new grounds have been alleged as espoused by *Losh* and its progeny. Indeed, the Court notes that from the transcript of the Petitioner's first omnibus proceeding, the Court informed the Petitioner that he had just "one shot" of making the claims and that should his petition be denied, he may only raise the four grounds noted above. The Petitioner acknowledged this at that October 31, 2008 hearing.

The West Virginia Supreme Court of Appeals set forth the standard of review for ineffective assistance of counsel in Syl. Pts. 5 and 6, of *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995):

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. In reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue.

During the November 8, 2011 omnibus habeas corpus hearing, the Petitioner claimed that his former habeas counsel, David Smith, Esq. was ineffective due to his failure to: (1) sufficiently meet with him; (2) subpoenaing proper witnesses (i.e. Derrick Lefler, Esq., trial counsel) for his first omnibus habeas corpus proceeding, in Case No.: 07-C-228-DS; and (3) explaining the *Losh* checklist with him.

5

<u>Habeas Counsel's Failure to Sufficiently Meet with Petitioner</u>

The Petitioner claims that his habeas counsel did not meet with him or take his collect calls from prison in order to sufficiently prepare for the first omnibus hearing. During the November 8, 2011 omnibus hearing, Mr. David Smith testified that he had did not meet with the Petitioner while he was incarcerated at Mount Olive, however, he had communicated over the phone with the Petitioner several times. Mr. Smith testified that the grounds he raised in the Petitioner's petition were not of the kind that required the Petitioner's input. Further, Mr. Smith testified that he had met with the Petitioner before the hearing and reviewed the *Losh* checklist with the Petitioner for about an hour prior to the hearing. Mr. Smith also testified that he went over each ground with the Petitioner as did the Judge presiding over the omnibus hearing. Moreover, Mr. Smith testified that both he and the Judge answered any questions concerning the Losh checklist that the Petitioner might have had concerning same, and that out of caution, raised grounds that the Petitioner did not understand. Mr. Smith could not recall if the Petitioner could read or not, as he always customarily sends the petition and its contents off to clients in his representation of clients seeking habeas relief.

Based upon the above contacts, David Smith, Esq.'s testimony, including the Petitioner's presence and responses during the omnibus hearing, the Court **FINDS** and **CONCLUDES** that counsel's performance in terms of contacts and communications were not deficient under an objective standard of reasonableness.

<u>Habeas Counsel's Failure to Subpoena Proper Witnesses</u>

The Petitioner claims that his habeas counsel failure to call his former trial counsel, Mr. Derrick Lefler, for the first omnibus hearing. The Court notes that Mr. Lefler was not called for the November 8, 2011 omnibus hearing either. The Petitioner alleged that this failure to subpoena witnesses was prejudicial to him and exhibited a lack of adequate preparation on Mr. Smith's part

since he alleged ineffective assistance of trial counsel.

Mr. David Smith testified that he did not call Mr. Lefler as a witness in the previous habeas proceeding because the grounds raised during the first habeas proceeding were independent of Mr. Lefler's testimony. Mr. Smith stated that he did not want to call Mr. Lefler to "explain the State's case" as that is the State's responsibility. Mr. Smith testified that he was representing other clients with similar convictions as the Petitioner's and he had compared and contrasted their cases among each other in order to prepare for the omnibus hearing. Mr. Smith testified that he went through each of the experts' testimonies from the trials and compared them against the testimonies concerning the Petitioner's trial as well.

Based upon the above, the Court **FINDS** and **CONCLUDES** that the Petitioner suffered no prejudice/harm from habeas counsel's failure to prepare actual subpoenas for the above two witnesses as they were nevertheless available for testimony. Moreover, the Court **FINDS** and **CONCLUDES** that based on Mr. Smith's testimony, the failure to call trial counsel as a witness amounted to trial tactic or strategy and is precluded from review in this proceeding. The Court further **FINDS** and **CONCLUDES** that based upon the testimony of habeas counsel, David Smith, Esq., that there is not a reasonable probability that, but for counsel's omissions/errors, the result of the proceedings would have been different.

### Habeas Counsel's Failure to Explain the *Losh* Checklist to Petitioner

The Petitioner claims that he is unable to read and can only write his name, and that this handicap prevented him from understanding the importance of the grounds to be raised or waived in his petition for writ of habeas corpus. As mentioned previously, Mr. Smith could not recall if the Petitioner could read or write.

The transcript of the first habeas proceeding shows that Judge Derek C. Swope went over the checklist with the Petitioner in open court to determine if he understood the grounds or not and to determine which grounds he was alleging and which grounds he was waiving. Indeed, Mr. Smith testified that he also reviewed each ground for relief with the Petitioner and answered any questions he might have had. Despite the Petitioner's contentions that he is not educated in the law, and therefore, is not cognizant of the ramifications of waiving or alleging certain grounds in his petition, the first habeas proceeding transcript clearly shows that for any ground that the Petitioner did not understand, Judge Swope asserted the ground for the Petitioner out of caution. Additionally, based on the Petitioner's testimony during his second habeas proceeding, either he or another inmate actually started the process for obtaining habeas relief.

Mr. David Smith also testified that he agreed with the Respondent that the grounds raised in this second habeas were the same grounds raised in the first habeas on which he represented the Petitioner and was surprised not to "see anything new."

After a review of this claim of habeas counsel's failure to explain the *Losh* checklist to the Petitioner, the Court **FINDS** and **CONCLUDES** that habeas counsel was not ineffective. The Court further **FINDS** and **CONCLUDES** that based upon the testimony of habeas counsel, David Smith, Esq., that there is not a reasonable probability that, but for counsel's omissions/errors, the result of the proceedings would have been different.

## IV. Ruling

**WHEREFORE**, it is hereby **ORDERED, ADJUDGED,** and **DECREED** by this Court that the Petitioner's second *Petition for a Writ of Habeas Corpus* is **DENIED.**

8

The Clerk is directed to forward a copy of this Order to the Petitioner at the Mount Olive Correctional Complex; to Natalie Hager, Esq., Counsel for the Petitioner; and to the Mercer County Assistant Prosecuting Attorney, Kelli Harshbarger, Esq.

This matter, having accomplished the purpose for which it was instituted, it is hereby ordered **DISMISSED** and **OMITTED** from the docket of this Court.

**ENTERED** this the _____ day of November, 2011.

OMAR J. ABOULHOSN, CHIEF JUDGE
9th Judicial Circuit of Mercer County

9